1

2

3

4

5

6

7

8

9

10

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

UNITED STATES OF AMERICA,

           Plaintiff,

    v.

JOHN GIACOMINI,

           Defendant.

Case No.  20-cr-00134-BLF-1

**ORDER ON MOTIONS *IN LIMINE***

[Re:  ECF Nos. 58, 59, 63, 64, 65, 66, 67, 68, 69, 70, 71]

Dr. John Giacomini has been charged with one count of abusive sexual contact of Victim 1 in violation of 18 U.S.C. § 2244(b).  *See* ECF No. 1 ("Indictment").  The Court held a pretrial conference on February 8, 2022, during which it issued oral rulings on the Parties' motions *in limine*.  The rulings on the motions *in limine* are summarized as follows:

- Government's MIL No. 1, ECF No. 63 ("Gov't MIL 1"):  GRANTED
- Government's MIL No. 2, ECF No. 64 ("Gov't MIL 2"):  GRANTED IN PART
- Government's MIL No. 3, ECF No. 65 ("Gov't MIL 3"):  GRANTED IN PART AND DENIED IN PART
- Government's MIL No. 4, ECF No. 66 ("Gov't MIL 4"):  GRANTED
- Government's MIL No. 5, ECF No. 67 ("Gov't MIL 5"):  GRANTED
- Government's MIL No. 6, ECF No. 68 ("Gov't MIL 6"):  GRANTED
- Government's MIL No. 7, ECF No. 69 ("Gov't MIL 7"):  GRANTED
- Government's MIL No. 8, ECF No. 70 ("Gov't MIL 8"):  GRANTED
- Government's MIL No. 9, ECF No. 71 ("Gov't MIL 9"):  GRANTED
- Dr. Giacomini's MIL No. 1 ECF No. 58 ("Def. MIL 1"):  GRANTED
- Dr. Giacomini's MIL No. 2, ECF No. 59 ("Def. MIL 2"):  GRANTED IN PART AND

United States District Court
Northern District of California

1    DENIED IN PART

2    **I.    GOVERNMENT'S MOTIONS *IN LIMINE***

3        **A.    Government's Motion *in Limine* No. 1 to Preclude Any References to the Sexual
             History of Any Victim or Witness Under Federal Rule of Evidence 412**
4

5        The Government first moves *in limine* to exclude reference to Victim 1 and Witness 1's

6    sexual history under Federal Rule of Evidence 412.  Gov't MIL 1 at 2.  The Government argues

7    that the limited exceptions under Rule 412(b) for admission of a victim's sexual history are not

8    met here.  *Id.* at 2–3.  In particular, the Government contends that Dr. Giacomini has not provided

9    any evidence under Rule 412(b)(1)(B) of specific prior instances of Victim 1's sexual behavior

10   with him to allow him to introduce that evidence "to prove consent."  *Id.* at 3.  The Government

11   asks the Court to similarly preclude Dr. Giacomini from introducing evidence as to Witness 1's

12   prior sexual history (assuming that Witness 1 is allowed to testify).  *Id.* at 4.  Dr. Giacomini says

13   that he is permitted to introduce evidence of Victim 1 and Witness 1's sexual history with him

14   (and no one else) "to prove consent."  ECF No. 74 at 1–2.  Dr. Giacomini also contends that Rule

15   412 does not preclude the introduction of the sexual history of a witness, such as Witness 1,

16   although Dr. Giacomini says he would only introduce evidence that his behavior towards Witness

17   1 was consensual if Witness 1 alleges that it was not.  *Id.* at 2.

18       Under Rule 412, "[t]he following evidence is not admissible in a civil or criminal

19   proceeding involving alleged sexual misconduct:  (1) evidence offered to prove that a victim

20   engaged in other sexual behavior; or (2) evidence offered to prove a victim's sexual

21   predisposition."  Fed. R. Evid. 412(a).  The Rule provides, as relevant here, that in a criminal case

22   a court may admit "evidence of specific instances of the victim's sexual behavior with respect to

23   the person accused of the sexual misconduct, if offered by the defendant to prove consent or if

24   offered by the prosecutor."  *Id.* R. 412(b)(1)(B).  A party seeking to offer evidence under Rule

25   412(b) must file a motion describing the evidence and the purpose for which it is to be offered; do

26   so at least 14 days before trial; serve the motion on all parties; and notify the victim or the victim's

27   guardian or representative.  Fed. R. Evid. 412(c)(1).  "Before admitting evidence under this rule,

28   the court must conduct an in camera hearing and give the victim and parties a right to attend and

1    be heard." Fed. R. Evid. 412(c)(2).  "Unless the court orders otherwise, the motion, related

2    materials, and the record of the hearing must be and remain sealed." *Id.*

3        Under Rule 412, the Court agrees with the Government that Dr. Giacomini is prohibited

4    from offering evidence that Victim 1 engaged in sexual behavior with individuals other than Dr.

5    Giacomini, except under certain circumstances not applicable here.  Dr. Giacomini recognizes as

6    much; he says he does not intend to offer evidence of Victim 1 or Witness 1's sexual behavior,

7    other than evidence of their sexual behavior with him to prove consent.  Dr. Giacomini is correct

8    that that evidence about Victim 1's sexual behavior with him may be admissible under Rule

9    412(b)(1)(B); he must, however, comply with the procedural requirements of Rule 412(c) so that

10   the Court may determine if the specific evidence he will offer regarding Victim 1 is admissible.

11   Because Rule 412 does not apply to witnesses who are not victims, Rule 412(c)'s procedural

12   requirements need not be followed for testimony about Witness 1's prior sexual behavior.

13       The Government's first motion *in limine* is GRANTED.  For Victim 1, Dr. Giacomini may

14   make a proffer of evidence about Victim 1's prior sexual behavior with him subject to the

15   procedural requirements of Rule 412(c).  If Dr. Giacomini intends to submit evidence about

16   Victim 1, he SHALL submit the motion required by Rule 412(c) **no later than Friday, February**

17   **11, 2022**.  The Court will set an *in camera* hearing under Rule 412(c)(2) after receiving Dr.

18   Giacomini's motion to determine if the proffered evidence is admissible.

19       The Court neglected to note at the hearing that, by its plain terms, Rule 412(c) applies to

20   any "party" who "intends to offer evidence under Rule 412(b)."  Because the Government has

21   indicated its intent to offer "evidence of specific instances of [Victim 1's] sexual behavior with

22   respect to [Dr. Giacomini]," the Government must also comply with the provisions of Rule 412(c).

23   The Court construes the Government's third motion *in limine* as the required motion under Rule

24   412(c)(1)(A) and orders the Government to provide to Victim 1 both its motion and Dr.

25   Giacomini's forthcoming motion.  The *in camera* hearing will consider both motions.

26       **B.    Government's Motion *in Limine* No. 2 to (1) Admit Party-Opponent Admissions
             and (2) Preclude Defense from Admitting Self-Serving Hearsay**

27

28       The Government next moves *in limine* to allow it to admit Dr. Giacomini's out-of-court

United States District Court
Northern District of California

United States District Court
Northern District of California

1    statements in its case-in-chief under Federal Rules of Evidence 801(d)(2)(A).  Gov't MIL 2 at 2.

2    Those statements, although not specifically identified, fall into five categories: (1) Dr. Giacomini's

3    oral statements to Victim 1, including in a recording made by Victim 1 on June 11, 2018; (2) Dr.

4    Giacomini's written statements to Victim 1, including text messages; (3) Dr. Giacomini's oral and

5    written statements to VA officials and investigators, including recorded statements to VA

6    investigators on June 19, 2018; (4) Dr. Giacomini's oral and written statements to officials at

7    Stanford University; and (5) Dr. Giacomini's oral and written statements in 2008 to Witness 1

8    wherein he allegedly pursued sexual contact with her.  *Id.* at 2.  The Government says that Dr.

9    Giacomini cannot introduce his own out-of-court statements without overcoming the hearsay bar.

10   *Id.* at 3.  Dr. Giacomini says that although Rule 801(d)(2)(A) allows the Government to admit his

11   prior out-of-court statements and precludes him from offering them himself absent a hearsay

12   exception, the Government's failure to identify specific statements in its motion prevents him

13   from objecting based on the rule of completeness.  ECF No. 75 at 1–2.  Dr. Giacomini also

14   reserves his right to introduce his prior consistent statements in the event the Government suggests

15   his testimony is untruthful or to rehabilitate his credibility if attacked.  *See id.* at 2 (citing Fed. R.

16   Evid. 801(d)(1)(B)).

17        The Court GRANTS IN PART the Government's second motion *in limine*.  Dr.

18   Giacomini's self-serving hearsay statements are EXCLUDED.  Regarding the rule of

19   completeness, the parties shall meet-and-confer regarding the applicability of the rule of

20   completeness to the categories of evidence the Government specifies in its motion.  If the Court is

21   required to rule on any disputes regarding the rule of completeness, they SHALL be submitted to

22   the Court **no later than February 20, 2022**.  Regarding prior consistent statements, the Court

23   DEFERS ruling until trial.  During trial, Dr. Giacomini needs to be prepared to identify a specific

24   prior inconsistent statement that he seeks to rehabilitate with prior consistent statements under

25   Rule 801(d)(1)(B).

26        **C.    Government's Motion *in Limine* No. 3 to Introduce 404(b) Evidence and Other
              Bad Acts Evidence**

27

28        The Government's third motion *in limine* seeks to introduce the testimony of Witness 1

4

United States District Court
Northern District of California

1    under Federal Rule of Evidence 404(b).  Gov't MIL 3.  The Government says that Witness 1,

2    another cardiologist at the Palo Alto VA who worked under Dr. Giacomini's supervision, is

3    anticipated to testify that in approximately 2008, Dr. Giacomini made unwanted romantic

4    advances towards her in the form of inappropriate comments about her appearance, providing her

5    with personal gifts, hugs that made her uncomfortable, and at least one request to have a

6    relationship.  *Id.* at 2–3.  Witness 1 is anticipated to testify that she rejected those advances and

7    that Dr. Giacomini then retaliated against her over the next ten years by professionally isolating

8    her and restricting her career advancement.  *Id.*  The Government says that this testimony is

9    admissible under Rule 404(b) because it is probative of Dr. Giacomini's motive, opportunity, plan,

10   knowledge, lack of accident or mistake, and intent in carrying out the charged conduct against

11   Victim 1.  *Id.* at 3.  The Government says that the testimony is admissible under Rule 404(b)

12   because there is (1) sufficient proof that Dr. Giacomini committed the other bad acts; (2) the other

13   bad acts are admitted to prove a material issue in the case; (3) the other bad acts were not too

14   remote in time; and (4) the other bad acts are sufficiently similar to the charged conduct.  *Id.* at 3–

15   4 (citing *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002); *United States v. Ayers*, 924

16   F.2d 1468, 1473 (9th Cir. 1991)).

17         Dr. Giacomini opposes the motion and seeks an order excluding the evidence—which he

18   separately seeks in his second motion *in limine*.  ECF No. 76; *compare* Def. MIL 2.  He first

19   argues that the Government failed to timely give notice under Rule 404(b)(3).  ECF No. 76 at 2.

20   He then argues that the evidence does not satisfy any permitted purpose under Rule 404(b).  *Id.* at

21   2–4.  Witness 1's testimony cannot be offered to prove that Dr. Giacomini pursued a sexual

22   relationship with a subordinate in the past and retaliated against her for her romantic rejection

23   because that evidence would be impermissible propensity evidence and is too dissimilar to the

24   charged conduct, Dr. Giacomini says.  *Id.* at 2–3.  Neither can it be offered, he says, to explain

25   Victim 1's state of mind—that she may have been "loathe to reject" Dr. Giacomini's advances in

26   light of his position of authority—because there is no evidence that (1) Dr. Giacomini abused his

27   power to pursue a romantic relationship with either Witness 1 or Victim 1, or to punish one or

28   both of them for rejecting him, or (2) Victim 1 knew about Witness 1's allegations at the time of

United States District Court
Northern District of California

1    her alleged abuse. *Id.* at 4. Finally, the testimony cannot be offered to demonstrate Dr.

2    Giacomini's "unwillingness to accept a clearly expressed refusal" because Witness 1 in fact will

3    testify that Dr. Giacomini did not pursue their relationship further after Witness 1 rejected him.

4    *Id.* Dr. Giacomini further argues that Witness 1's testimony—concerning events in 2008—is too

5    far removed in time from the charged conduct and that the testimony fails a Rule 403 analysis. *Id.*

6    at 5.

7         The Court first considers the admissibility of the evidence under Rule 404(b) before

8    proceeding to a Rule 403 analysis. In this analysis, the Court will separately consider two parts of

9    Witness 1's anticipated testimony:  first, her anticipated testimony about Dr. Giacomini's request

10   and pressure to engage in a sexual relationship; and second, her anticipated testimony about Dr.

11   Giacomini's alleged retaliation against her for spurning him.

12                      **i.    Federal Rule of Evidence 404(b)**

13        Federal Rule of Evidence 404(b) states that "[e]vidence of any other crime, wrong, or act is

14   not admissible to prove a person's character in order to show that on a particular occasion the

15   person acted in accordance with that character." The Rule does allow that evidence to be admitted

16   "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge,

17   identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Dr. Giacomini

18   challenges Witness 1's testimony on three different grounds under Rule 404(b), each of which is

19   considered below.

20                      *a.   Adequacy of Notice*

21        Dr. Giacomini first challenges the adequacy of the Government's notice of its intent to

22   introduce Witness 1's testimony. *See* ECF No. 76 at 2. Rule 404(b)(3) requires the Government

23   in a criminal case to (1) provide "reasonable notice" in writing prior to trial of any Rule 404(b)

24   evidence to be offered at trial "so that the defendant has a fair opportunity to meet it," and (2)

25   articulate the "permitted purpose" for which it will be offered.

26        The Court finds that the Government has given the required notice. The Government

27   appears to have disclosed its intent to offer Witness 1's testimony as Rule 404(b) evidence in a

28   May 2020 discovery letter. *See* Gov't MIL 3 Ex. A at 1 (letter dated May 22, 2020 indicating that

United States District Court
Northern District of California

1    the Government "may seek to introduce the other crimes, wrongs or acts committed by defendant

2    which are referenced in the enclosed documents pursuant to Rule[] 404(b)).  Even if that was not

3    adequate notice, the Government's filing of its third motion *in limine* disclosed its intent and

4    attached two exhibits with specifics about Witness 1's anticipated testimony.  *See* Gov't MIL 1;

5    *id.* Exs. A–B.  That filing—made 53 days before trial—is more than sufficient notice under Rule

6    404(b)(3), which requires only "reasonable notice" made "in writing before trial."  *See United*

7    *States v. White*, 816 F.3d 976, 985 (8th Cir. 2016) (approving notice made "[o]ne week prior to

8    trial" and citing cases); *United States v. French*, 974 F.2d 687, 695 (6th Cir. 1992) (approving

9    notice made one week prior to trial because it gave "ample opportunity before trial to prepare" for

10   the testimony).  Accordingly, the Government gave sufficient notice of its intent to introduce

11   Witness 1's testimony as Rule 404(b) evidence.

12                                   *b.  Rule 404(b) Purpose*

13        Dr. Giacomini next contends that the Government has not provided a specific Rule 404(b)

14   purpose for which the evidence is admissible, and that in any case Witness 1's testimony does not

15   fulfill any of the Rule 404(b) purposes.  "The threshold inquiry a court must make before

16   admitting similar acts evidence under Rule 404(b) is whether the evidence is probative of a

17   material issue other than character."  *Huddleston v. United States*, 485 U.S. 681, 686 (1988).

18        The Court agrees with the Government that Witness 1's testimony regarding the unwanted

19   request and pressure to engage in a sexual relationship is probative of multiple Rule 404(b)

20   purposes.  Witness 1 is anticipated to testify that Dr. Giacomini made unwanted romantic

21   advances on her and at least one request to have a relationship, and that she rebuffed those

22   advances.  Dr. Giacomini continued to make physical contact with Witness 1 after she rebuffed

23   him.  Such testimony is probative of Dr. Giacomini's knowledge of and absence of mistake as to

24   the meaning of consent regarding a relationship or romantic advances in the workplace.  Those are

25   also material issues regarding the charged conduct against Victim 1.  Thus, at least this portion of

26   Witness 1's testimony fulfills a permitted use under Rule 404(b)(2).

27        As to Witness 1's testimony about retaliation, there is a weaker albeit sufficient connection

28   to a Rule 404(b) purpose.  Dr. Giacomini's use of his supervisory power over Witness 1 to

1    retaliate against her after she rejected his advances is also at least somewhat probative of his

2    absence of mistake as to the meaning of consent.  By allegedly retaliating against Witness 1 in the

3    workplace after she rejected his advances, Dr. Giacomini punished Witness 1 for not consenting to

4    his request for a relationship.  Dr. Giacomini's retaliation against Witness 1 thus could create the

5    inference that he understood her refusal to consent and punished her for doing so.  While a tenuous

6    connection, this testimony does satisfy a Rule 404(b) purpose.

                                *c.  Rule 404(b) Requirements*

8         Now that the Court has concluded that Witness 1's testimony could fulfill a Rule 404(b)

9    purpose and that the Government gave proper Rule 404(b)(3) notice, the Court analyzes whether

10   the testimony meets the substantive requirements of Rule 404(b).  Other bad acts evidence is

11   admissible under Rule 404(b) if (1) sufficient proof exists for the jury to find that the defendant

12   committed the other bad act; (2) the other bad acts are offered to prove a material point in the case;

13   (3) the other acts are not too remote in time; and (4) the other acts are sufficiently similar to the

14   charged conduct.  *See United States v. Romero*, 282 F.2d 683, 688 (9th Cir. 2002).  The Court

15   analyzes each factor in turn, again separating the request and pressure for a relationship from the

16   retaliation.

17        Sufficient Proof.  There first must be sufficient proof to find that defendant committed the

18   other bad act.  *Romero*, 282 F.2d at 688.  This is a "low threshold" for the Government.  *Id.* at 688.

19   There is sufficient proof of the other bad act if "there is sufficient evidence to support a finding by

20   the jury that the defendant committed the similar act."  *Huddleston*, 485 U.S. at 685 (rejecting rule

21   that required court to make preliminary finding under Rule 404(b) that defendant committed the

22   act by preponderance of the evidence).  The Court finds that the Government has offered such

23   sufficient proof of both the pressure to engage in a relationship and the retaliation.  Witness 1

24   offered testimony of Dr. Giacomini's conduct towards her under oath at an administrative hearing,

25   and two administrative inquiries made findings regarding the validity of Witness 1's allegations.

26   *See* Gov't MIL 3 Exs. 1–2 (sealed administrative findings).  Additionally, Witness 1 will testify in

27   this case subject to the Court's findings in adjudicating this motion *in limine*.  Witness 1 will be

28   subject to cross-examination by Dr. Giacomini, and the jury will determine her credibility.  This

United States District Court
Northern District of California

8

1    meets the "low threshold" for sufficient proof demanded by Rule 404(b).  *See Romero*, 282 F.3d at

2    688 (sufficient proof of prior bad acts where "they were admitted through the testimony of [a

3    witness], whose credibility was left to the jury").

4         Material Point.  The prior bad acts evidence must also "tend[] to prove a material point" in

5    the case.  *Romero*, 282 F.3d at 688.  Again, Witness 1's testimony regarding Dr. Giacomini's

6    request and pressure to engage in a sexual relationship goes to a material point in this case—

7    knowledge of and lack of mistake as to the meaning of consent regarding a relationship or

8    romantic advances in the workplace, particularly between a supervisor and a subordinate.  These

9    are material issues regarding the charged conduct against Victim 1 because they concern the issue

10   of consent to the charged sexual touching, which Dr. Giacomini has indicated he will offer as a

11   defense to the charged conduct.

12        Witness 1's testimony regarding retaliation is less persuasive.  Victim 1 does not allege

13   that she suffered retaliation from Dr. Giacomini after the charged conduct, and so Witness 1's

14   testimony regarding retaliation is less linked to issues relevant to Victim 1.  Nevertheless, the

15   Court has already identified that the retaliation evidence is at least somewhat probative of Dr.

16   Giacomini's absence of mistake as to the meaning of consent.  Dr. Giacomini allegedly punished

17   Witness 1 for her lack of consent by retaliating against her, which could create the inference that

18   he understood her refusal to consent and sought to harm her for doing so.  The retaliation

19   testimony thus could go to a "material point" in this case.

20        Remoteness in Time.  The prior bad acts must "not [be] too remote in time" from the

21   charged acts.  *Romero*, 282 F.3d at 688.  The Ninth Circuit has approved admission of evidence of

22   prior sexual misconduct as long as 15 years prior to the charged conduct.  *See United States v.*

23   *Hadley*, 918 F.2d 848, 850–51 (9th Cir. 1990) ("The similarity of the prior act to the offense

24   charged outweighs concerns regarding its remoteness.").  Here, Witness 1's testimony regarding

25   the request for a sexual relationship concerns events ten years prior to the charged conduct which,

26   although somewhat temporally removed from the charged conduct, are strikingly similar to some

27   of the conduct underlying Victim 1's treatment by Dr. Giacomini.  This similarity outweighs

28   concerns about the temporal removal of the conduct towards Witness 1 from the charged conduct.

United States District Court
Northern District of California

United States District Court
Northern District of California

1          In order to connect the alleged 2008 incident to the present time, the Government seeks to

2   introduce Witness 1's testimony of her conclusion that Dr. Giacomini retaliated against her over

3   the subsequent ten-year period.  But as the Court concludes below, that evidence is poorly

4   substantiated and only realized by Witness 1 after she learned of Victim 1's allegations in 2018.

5   Thus, the Court has analyzed the remoteness element separately to ensure that the alleged 2008

6   conduct is appropriately admitted even if the retaliation evidence is excluded.

7          Sufficient Similarity.  Finally, the prior bad acts must be "similar to the offense charged."

8   *Romero*, 282 F.3d at 688 (citing *United States v. Chea*, 231 F.3d 531, 534 (9th Cir. 2000)).

9   Witness 1's testimony regarding Dr. Giacomini's pressure to engage in a sexual relationship is

10  strikingly similar to some of the conduct alleged to have happened to Victim 1.  In both sets of

11  allegations, Dr. Giacomini engaged in romantic relations and pursued an unwanted sexual

12  relationship with a subordinate and continued to request physical contact after she rebuffed him.

13  Until Witness 1 expressly rebuffed Dr. Giacomini's advances—allegedly telling him "no, you're

14  my boss and, you know, you're married and I don't share those feelings"—Witness 1 and Victim

15  1 had nearly identical experiences.  That Witness 1 has not alleged that Dr. Giacomini engaged in

16  the actual charged conduct—abusive physical conduct—against Victim 1 does not mean that

17  Witness 1's testimony is not sufficiently "similar to the offense charged" to satisfy this element of

18  the Rule 404(b) test.  The Rule does not require the prior bad act to be identical to the charged

19  conduct.

20         Witness 1's testimony regarding retaliation is far less similar to the charged conduct in this

21  case.  Victim 1 has not alleged that she suffered retaliation from Dr. Giacomini.  The testimony

22  does, however, share some similarity with the charged conduct in that it indicates an act performed

23  after lack of consent.  For Victim 1, the act is the charged conduct—abusive sexual conduct.  For

24  Witness 1, the acts were alleged professional retaliation over a ten-year period.  The Court finds

25  this similarity sufficient, but only barely, to satisfy this prong of the Rule 404(b) analysis.

26         Accordingly, Witness 1's testimony satisfies the requirements of Rule 404(b), although the

27  retaliation testimony does so only tenuously.

28

10

1          **ii.     Federal Rule of Evidence 403**

2                  Finally, Dr. Giacomini contends that Witness 1's testimony does not meet the requirements

3     of Rule 403. "If the evidence meets the test under Rule 404(b), the court must then decide

4     whether the probative value is substantially outweighed by the prejudicial impact under Rule

5     403." *Romero*, 282 F.3d at 688 (citing *Chea*, 231 F.3d at 534).

6                  The Court finds that the testimony Witness 1 is anticipated to offer regarding Dr.

7     Giacomini's alleged sexual harassment and pursuit of her satisfies Rule 403 because its probative

8     value is not substantially outweighed by risk of prejudice or other Rule 403 issues. As the Court

9     has described, the testimony about Dr. Giacomini's harassment and pursuit of Witness 1 is highly

10    probative of his knowledge of and lack of mistake as to consent, a key issue in this case. The

11    prejudicial effect of the testimony is mitigated because Witness 1 and Victim 1's experiences are

12    so similar prior to Witness 1 rebuffing Dr. Giacomini's advances. The Court recognizes the

13    possibility of confusing the jury regarding the difference between sexual harassment and the

14    charged conduct of sexual abuse, but believes that a limiting instruction will properly address that

15    concern.

16                 However, the Court finds that, even if Witness 1's testimony regarding retaliation satisfied

17    Rule 404(b), that testimony would not satisfy Rule 403. The Court agrees with Dr. Giacomini that

18    Witness 1's testimony about Dr. Giacomini's alleged retaliation against her is poorly substantiated

19    and would amount to an undue consumption of time at trial. If Witness 1 is allowed to testify that

20    Dr. Giacomini prevented the growth of her career and sabotaged her advancement opportunities,

21    Dr. Giacomini would have to be permitted to probe whether other facts—such as her skill as a

22    doctor, lack of availability of other career opportunities, and the like—caused Witness 1's career

23    to stagnate. This could require testimony from other individuals at the VA or experts in the

24    field—all on an issue that isn't particularly relevant to the acts that Dr. Giacomini committed

25    against both Witness 1 and Victim 1. The bad act in common is the sexual harassment and

26    unrequited pursuit of a sexual relationship with a subordinate, not any retaliation that Witness 1

27    (but apparently not Victim 1) experienced. Additionally, the Court is concerned about the time

28    between Dr. Giacomini's alleged sexual harassment of Witness 1 and when Witness 1 appears to

United States District Court
Northern District of California

1   have concluded that the harassment held her back in her career—around when she became aware

2   of Victim 1's experience almost a decade after hers.   Testimony regarding the alleged retaliation

3   thus fails Rule 403 and will be excluded.

4                                        *        *        *

5        Accordingly, the Government's third motion *in limine* is GRANTED IN PART AND

6   DENIED IN PART.  Witness 1 will be allowed to testify regarding Dr. Giacomini's alleged sexual

7   harassment and unrequited pursuit of a sexual relationship with her, but not regarding any alleged

8   retaliation after she told him to stop.  The Court will give a limiting instruction on Witness 1's

9   testimony as approved by the Ninth Circuit in *United States v. Rrapi*, 175 F.3d 742, 748 (9th Cir.

10  1999).  The parties shall meet-and-confer regarding that instruction and should submit it to the

11  Court in advance of trial.

12  **D.     Government's Motion *in Limine* No. 4 to Exclude References to Punishment in
         Front of the Jury**

13

14       The Government next moves *in limine* to exclude references to punishment in front of the

15  jury.  Gov't MIL 4.  The Government says that such references are inappropriate because the jury

16  is not supposed to consider the consequences of its verdict.  *Id.* at 2.  Dr. Giacomini does not

17  oppose the motion, arguing only that (1) the order should be binding on both parties and (2) he

18  should not be prevented from calling this a "serious" case—without reference to punishment,

19  consequences, or sentencing.  ECF No. 77 at 1–2.

20       The Government's motion is GRANTED, and neither party shall make references to

21  punishment in front of the jury.  The Court also excludes any description of the case as

22  "serious"—even without reference to punishment, consequences, or sentencing.  There is a risk

23  that the jury interpreting that word as a reference to punishment, even if there is no express

24  reference to punishment.

25  **E.     Government's Motion *in Limine* No. 5 to Exclude Character Evidence**

26       The Government's fifth motion *in limine* seeks to prevent Dr. Giacomini from offering

27  evidence of his good character, which it says is precluded by Federal Rules of Evidence 404 and

28  405.  Gov't MIL 5.  Dr. Giacomini does not oppose the motion, saying that he does not intend to

United States District Court
Northern District of California

12

United States District Court
Northern District of California

1    introduce any character witness on his behalf.  ECF No. 78 at 1.  Based on Dr. Giacomini's

2    representation that he does not intend to present such evidence, the Government's fifth motion *in*

3    *limine* is GRANTED.

4        **F.     Government's Motion *in Limine* No. 6 to Exclude Nullification Argument and
               Evidence**

5

6        In its sixth motion *in limine*, the Government seeks to preclude Dr. Giacomini from

7    introducing argument or testimony that encourages jury nullification.  Gov't MIL 6.  The

8    Government identifies several topics that it believes would inappropriately encourage jury

9    nullification, including argument that (1) the case is essentially a personal or administrative

10   dispute; (2) Dr. Giacomini's conduct, even if proven, should not rise to a criminal violation; (3)

11   the criminal matter was pursued for reasons related to Dr. Giacomini's employment; or (4) that Dr.

12   Giacomini's departure from his position at the VA adequately addresses the matter.  *Id.* at 2.  Dr.

13   Giacomini does not oppose the motion.  ECF No. 79.

14       The Government's sixth motion *in limine* is GRANTED.  The Court will be receptive to

15   objections regarding arguments that may be received by the jury as an invitation for jury

16   nullification.

17       **G.     Government's Motion *in Limine* No. 7 to Exclude Evidence or Defenses Not Yet
               Disclosed**

18

19       The Government's seventh motion *in limine* seeks an order precluding Dr. Giacomini from

20   introducing evidence that was not timely disclosed as required under Federal Rules of Criminal

21   Procedure 16(b) and 26.2.  Gov't MIL 7.  Dr. Giacomini says he has no objection to such an order

22   as long as it is a mutual order that also applies to the Government.  ECF No. 80 at 1–2.

23       The Court agrees that such an order is warranted and that it should be mutually binding on

24   the parties.  The Government's seventh motion *in limine* is GRANTED.  Both the Government

25   and Dr. Giacomini are precluded from introducing evidence that was not timely disclosed, as

26   required by Federal Rules of Civil Procedure 16(b) and 26.2 and relevant statutory and case law,

27   including the Jencks Act, 18 U.S.C. § 3500, and *Brady v. Maryland*, 373 U.S. 83 (1963).  The

28   parties' ongoing Jencks and *Brady* obligations remain in place and are not affected by the decision

1    on this motion *in limine*.

2    **H.    Government's Motion *in Limine* No. 8 to Require Evidentiary Basis Prior to
         Defense Presentation of Affirmative Defense**

3

4         In its eighth motion *in limine*, the Government seeks an order requiring Dr. Giacomini to

5    offer a specific evidentiary basis in support of any affirmative defense before he presents the

6    testimony or other evidence to the jury.  Gov't MIL 8.  If Dr. Giacomini is unable to provide an

7    adequate evidentiary showing, then he should be precluded from offering the defense, says the

8    Government.  *Id.* at 2.  Dr. Giacomini says he does not intend to present an affirmative defense

9    and thus does not object to the motion.  ECF No. 81.  Based on Dr. Giacomini's non-opposition,

10   the Government's eighth motion *in limine* is GRANTED.

11   **I.    Government's Motion *in Limine* No. 9 to Conditionally Admit VA Time and
         Attendance Records and Training Records Pursuant to Federal Rule of
         Evidence 803(8)**

12

13        The Government's ninth motion *in limine* seeks an order conditionally admitting under

14   Federal Rule of Evidence 803(8) two categories of evidence:  (1) VA time and attendance records

15   for Dr. Giacomini and Victim 1 on specific dates in 2017 and 2018; and (2) training records

16   reflecting that Dr. Giacomini received mandatory training on issues related to sexual assault,

17   harassment, and relationships in the workplace prior to the alleged criminal conduct in December

18   2017.  Gov't MIL 9 at 2.  The proffered evidence would include the substance of the trainings and

19   that Dr. Giacomini received them.  Dr. Giacomini does not object to conditionally admitting the

20   VA time and attendance records.  ECF No. 82.  Dr. Giacomini says that while the training records

21   would qualify as "public records" under Rule 803(8), they should not be admitted because they are

22   irrelevant and would confuse the jury and be unfairly prejudicial.  *Id.* at 2 (citing Fed. R. Evid.

23   401–403).

24        Federal Rule of Evidence 803(8) creates an exception to the hearsay rule for public

25   records.  A document is a record or statement of a public office if it sets out (1) the offices

26   activities; (2) a matter observed while under a legal duty to report (but not including, in a criminal

27   case, a matter observed by law-enforcement personnel); or (3) in a civil case or against the

28   government in a criminal case, factual findings from a legally authorized investigation.  *Id.*

United States District Court
Northern District of California

United States District Court
Northern District of California

1    VA Time and Attendance Records. Dr. Giacomini admits that the VA time and attendance

2    records are public records and admissible under Rule 803(8).  He makes no other objections to

3    their admission.  Accordingly, the Government's ninth motion *in limine* is GRANTED as to the

4    VA time and attendance records.

5    Sexual Harassment Training Records. Dr. Giacomini recognizes that records indicating

6    that he received mandatory sexual harassment training at the VA are public records under Rule

7    803(8).  He nevertheless objects to admission of those records as irrelevant, confusing to the jury,

8    and unfairly prejudicial under Rules 401–403.  At the pretrial conference, the Government

9    defended this evidence as relevant to the knowledge of the appropriateness of certain types of

10   relationships in the workplace, particularly between supervisors and subordinates.

11   The Court agrees with the Government that these training records should be admitted

12   under Rule 403.  The Court finds that this evidence is probative of material issues of knowledge

13   and lack of mistake or accident as to consent.  The evidence would not be unduly prejudicial to Dr.

14   Giacomini because the materials concern matters within the realm of the charged conduct.

15   Accordingly, the Government's ninth motion *in limine* is GRANTED as to the sexual harassment

16   training records.  The Court believes that a limiting instruction on this evidence would be

17   appropriate.  The parties should meet-and-confer on an instruction to determine if an agreement

18   can be reached and, if so, submit the stipulated instruction to the Court in advance of trial.

19   **II.    DR. GIACOMINI'S MOTIONS *IN LIMINE***

20       **A.    Dr. Giacomini's Motion *in Limine* No. 1 to Exclude Alleged Similar Crimes
             (Fed. R. Evid. 413)**

21

22   Dr. Giacomini's first motion *in limine* seeks an order excluding the testimony of Witness 1

23   (described above in the section discussing the Government's third motion *in limine*) because that

24   evidence does not qualify as a prior "sexual assault" under Federal Rule of Evidence 413.  Dr.

25   Giacomini MIL 1 at 3–4.  The Government maintains that Witness 1's testimony is admissible

26   under Federal Rule of Evidence 404(b) or as inextricably intertwined with the charged offense, but

27   does not oppose the motion because it does not use Federal Rule of Evidence 413 as its

28   admissibility theory.  ECF No. 72.  Accordingly, Dr. Giacomini's first motion *in limine* is

1    GRANTED, and the Government may not use Federal Rule of Evidence 413 as a basis for

2    admitting the testimony of Witness 1.

3         **B.    Dr. Giacomini's Motion *in Limine* No. 2 to Exclude Other Bad Acts Evidence (Fed. R. Evid. 404(a) and (b))**

4

5         Dr. Giacomini's second motion *in limine* seeks an order excluding Witness 1's testimony

6    as impermissible prior acts evidence under Federal Rules of Civil Procedure 404(a) and (b).  Dr.

7    Giacomini MIL 2.  The Court already adjudicated this issue in the Government's third motion *in*

8    *limine*, and found that the testimony was admissible in part.  *See supra* Section I.C.  But the Court

9    notes that the Government offers an additional theory of admissibility—that the testimony of

10   Witness 1 is "inextricably intertwined with the charged conduct"—in opposition to Dr.

11   Giacomini's second motion *in limine*.  Although the Court already found the testimony partially

12   admissible under Rule 404(b), the Court considers that additional theory of admissibility here.

13        Bad acts evidence is not subject to a Rule 404(b) analysis if it is "inextricably intertwined"

14   with the charged offense.  *See United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir.

15   1995).  Evidence is "inextricably intertwined" with the charged offense when it either (1)

16   "constitutes a part of the transaction that serves as the basis for the criminal charge," or (2) is

17   necessary to admit it "to permit the prosecutor to offer a coherent and comprehensible story

18   regarding the commission of the crime."  *Id.* at 1012–13 (citing *United States v. Williams*, 989

19   F.2d 1061, 1070 (9th Cir. 1993)).  Courts look to temporal proximity and substantive similarity to

20   evaluate if an act is "inextricably intertwined" with the charged act.  *See Rrapi*, 175 F.3d at 750.

21        The Court finds that Witness 1's testimony is not "inextricably intertwined" with the

22   charges in the Indictment.  The Court has already noted the substantive similarity between Witness

23   1's testimony and the charged act here—although Witness 1 has not alleged that she was touched,

24   Dr. Giacomini's conduct towards Witness 1 closely resembles his alleged conduct towards Victim

25   1 prior to the alleged sexual contact.

26        Nevertheless, the Court finds that Dr. Giacomini's conduct towards Witness 1 is not

27   "inextricably intertwined" with the charged conduct for two reasons.  First, the conduct towards

28   Witness 1 is temporally removed from the alleged conduct towards Victim 1 by at least ten years.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   This counsels against admitting Witness 1's testimony without first conducting a Rule 404(b)

2   analysis as to the testimony.  Second, the conduct is unlike that found to be "inextricably

3   intertwined" with charged conduct in the cases the Government cites.  Those cases involve near

4   contemporaneous acts of the defendant in other criminal conduct within the same scheme.  *See*

5   *United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987) (summary chart describing

6   defendant's contemporaneous supervision of individual who submitted fraudulent insurance

7   claims was inextricably intertwined with charged conduct of mail fraud scheme); *Rrapi*, 175 F.3d

8   at 748–49 (evidence of uncharged attempted and successful contemporaneous burglaries was

9   inextricably intertwined with charged conduct of additional bank robbery, but judge nevertheless

10   gave limiting instruction as it would for Rule 404(b) evidence); *cf. Vizcarra-Martinez*, 66 F.3d at

11   1012–13 (rejecting argument that evidence of contemporaneous possession of small, personal-use

12   amount of methamphetamine was inextricably intertwined with charged conduct of possession of

13   chemical with knowledge that it would be used to manufacture methamphetamine because "the

14   methamphetamine found in defendant's pocket had nothing to do with the incidents leading to the

15   search, nor did it have a bearing upon the commission of the crime").  Those incidents are not

16   similar to the situation here, where Witness 1's experiences are ten years prior to the charged

17   conduct.  As the Court has already found the testimony of retaliation inadmissible, those actions

18   cannot link the temporally divorced conduct towards Witness 1 with the charged conduct towards

19   Victim 1 to make them "inextricably linked."  Thus, the Rule 404(b) analysis is required for this

20   evidence, as indicated in the analysis of the Government's third motion *in limine*.

21       Accordingly, Dr. Giacomini's second motion *in limine* is GRANTED IN PART AND

22   DENIED IN PART, as discussed in the Government's third motion *in limine*.

23       **IT IS SO ORDERED.**

24

25   Dated:  February 9, 2022

26   _____

27   BETH LABSON FREEMAN
     United States District Judge

28